IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JANELLE PENN, et al.** | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-19-2873 |
| **LOVING CARE NURSING SERVS., INC.** | * | |
| Defendant, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

This case, asserting violations of the Fair Labor Standards Act ("FLSA"), presents in a highly unusual procedural posture. Currently pending is a motion for summary judgment filed by Defendant Loving Care Nursing Services, Inc. ("LCNS"), ECF 21. This Court has reviewed that motion, along with the opposition, ECF 27, and reply, ECF 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). However, after reviewing the briefing and conducting independent research, this Court has determined that it should *sua sponte* reconsider its earlier order declining to dismiss the claims of opt-in plaintiff Tascha Williams, ECF 20. Accordingly, for the reasons stated below, Williams's opt-in claims will be dismissed without prejudice.

### I.   PROCEDURAL BACKGROUND

On August 8, 2018, the United States Department of Labor ("DOL") sued LCNS, alleging that it had violated the FLSA by misclassifying employees as independent contractors and failing to pay required overtime compensation. *See Scalia v. Loving Care Nursing Services, Inc.,* Civil No. 18-2427-DKC (D. Md. Filed Aug. 8, 2018). The DOL included Janelle Penn on its list of current and former LCNS employees/independent contractors entitled to damages in the case. *Id.* (listing names in ECF 26).

1

Nevertheless, on September 9, 2019, Penn filed the instant action, seeking relief individually and as a collective action. ECF 1. On January 20, 2020, Penn filed "opt-in" notices on behalf of four individuals, including Williams. ECF 13. Several months later, on May 21, 2020, Penn filed a motion to dismiss her claims, as well as the opt-in claims brought on behalf of three of the four opt-in plaintiffs, all of whom were also named in the DOL action. ECF 16. Neither LCNS nor Penn filed a motion to dismiss the claims on behalf of Williams, who is not on the schedule of current and former employees at issue in the DOL action. *Id.* However, in its opposition to Penn's motion to dismiss, LCNS took the position, in a footnote with no further elaboration, that:

> Defendant maintains Tascha Williams's purported claim should be dismissed as well. However, in the event Ms. Williams is entitled to maintain such claim, Defendant does not object to an extension of the discovery and dispositive motions deadlines.

ECF 18-1 at 2 n.2. In their reply, Plaintiffs countered, in a similarly conclusory footnote:

> Though Defendant states in a footnote that Ms. Williams's claims should also be dismissed, it offers no reasoning or authority supporting this contention. Accordingly, Ms. Williams's claims should be permitted to proceed.

ECF 19 at 1 n.1. This Court ultimately ruled that:

> The claims asserted by Plaintiff Tascha Williams, however, are not precluded by the DOL action. ECF 16, ¶ 5; Schedule A to Am. Compl., *Loving Care Servs.*, No. DKC-18-2427 (D. Md. filed May 29, 2019), ECF 26. In conjunction with the Motion to Dismiss filed by her former co-Plaintiffs, Plaintiff Williams filed a Motion for Extension of Time. ECF 16, ¶ 12. In a footnote, Defendant conclusorily asserts that Williams's claim "should be dismissed as well." ECF 18-1 at 2 n.2. Defendant provides no basis for this request, *id.*, nor does the Court independently discern one. In fact, in the same footnote, Defendant states that it has no objection to the requested extension of time. *Id.*

ECF 20 at 1-2.

LCNS subsequently filed a motion for summary judgment, arguing that Penn (who has been dismissed from the case) cannot meet her burden of showing that Williams is similarly situated, because Penn's interests are represented in the DOL Action and Williams's are not. ECF

21-1 at 5. Additionally, LCNS contends that this Court lacked subject matter jurisdiction over Penn's claims from their inception, because her right to initiate a cause of action had been extinguished when DOL filed its complaint the year before. *Id.* at 6. Williams, not Penn, filed an Opposition to the motion for summary judgment. ECF 27.

## II.  ANALYSIS

Upon review of the relevant case law, this Court is persuaded that Williams's claims should have been dismissed without prejudice at the time of dismissal of Penn's claims, and this case should have been closed. When a named plaintiff's claim is dismissed, the collective action cannot proceed on behalf of other individuals who have opted in to the action. *See, e.g.*, *In re Family Dollar FLSA Litigation*, 637 F.3d 508, 519 (4th Cir. 2011) ("Without a viable claim, [the former named plaintiff] cannot represent others whom she alleged were similarly situated."); *Halle v. West Penn Allegheny Health Sys. Inc.*, 842 F.3d 215 (3d Cir. 2016) (explaining that, in a previous case, where the named plaintiffs voluntarily dismissed their claims, they thereby "extinguished any residual representational interest they may once have had in bringing claims on behalf of individuals who had filed consents to opt in to the collective action"); *Hutchins v. Great Lakes Home Health Servs., Inc.*, Civil No. 17-CV-10210, 2017 WL 3278209, at *3 (E.D. Mich. Aug. 2, 2017) ("Having dismissed the only named Plaintiff prior to certification of a collective action, the court does not consider the opt-in form filed by [a] putative class member . . . ."). Thus, in the present posture, this Court lacks jurisdiction over Williams's claims. Although she has filed a notice to opt in to the collective action, there is no longer a named plaintiff to pursue her claim.

If Williams subsequently files a complaint in her own name, the Court will assess what effect the pendency of this action, and Williams's role as opt-in plaintiff, had as to any limitations issue that may be raised in defense of her FLSA claims.

### III.     CONCLUSION

For the reasons set forth above, Williams's opt-in claims will be dismissed without prejudice, because this Court lacks subject matter jurisdiction to adjudicate them in the absence of a named plaintiff bringing a collective action.  LCNS's Motion for Summary Judgment, ECF 21, will be denied as moot, and this case will be closed.  A separate Order follows.


Dated:  October 21, 2020                                             /s/
                                                                            Stephanie A. Gallagher
                                                                            United States District Judge